B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Insight Technology, Inc. | **DEFENDANTS** <br> John Williams, Jr. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br><br> Sean Markham <br> P.O. Box 20074, Charleston, SC, 29413-0074, United States <br> 843-284-3646 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is a Complaint to except Plaintiff's Debt from discharge under 11 U.S.C. §523(a)(2)(A)

### NATURE OF SUIT

**(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)**

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property <br> ☐ 12-Recovery of money/property - §547 preference <br> ☐ 13-Recovery of money/property - §548 fraudulent transfer <br> ☐ 14-Recovery of money/property - other | ☐ 61-Dischargeability - §523(a)(5), domestic support <br> ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury <br> ☐ 63-Dischargeability - §523(a)(8), student loan <br> ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) <br> ☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | **FRBP 7001(7) – Injunctive Relief** |
| ☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 71-Injunctive relief – imposition of stay <br> ☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 51-Revocation of confirmation | |

| FRBP 7001(6) – Dischargeability | ☐ 01-Determination of removed claim or cause |
| --- | --- |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **Other**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $121,035 plus interest since original date of judgment |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
| --- | --- | --- |
| NAME OF DEBTOR<br>John Williams, Jr. | BANKRUPTCY CASE NO.<br>15-05179-jw | |
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISION OFFICE<br>Charleston | NAME OF JUDGE<br>Judge Waites |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Sean Markham | | |
| DATE<br>January 05, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Sean Markham | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court, which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover

2

sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys**. Give the names and addresses of the attorneys, if known.
**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.
**Demand**. Enter the dollar amount being demanded in the complaint.
**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>John Williams, Jr.,<br><br>Debtor | Chapter 13<br><br>Case No.  15-05179-jw |
| Insight Technology, Inc., d/b/a FactorLoads<br>Plaintiff(s),<br><br>v.<br><br>John Williams, Jr.,<br><br>Defendant. | Adv. Proc. No.  16-_____-jw<br><br>**COMPLAINT TO DETERMINE DISCHARGEABLITY OF DEBTS PURSUANT TO 11 U.S.C. §523** |

Insight Technology, Inc., doing business as FactorLoads ("Plaintiff") by and through its undersigned counsel, does hereby allege as follows

**JURISDICTION**

1. The adversary proceeding arises out of and relates to the Chapter 13 case of John Williams, Jr., Case No. 15-05179-jw, on the docket of this Court.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, and 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. The statutory predicate for relief is 11 U.S.C. § 523[1].

**THE PARTIES**

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

1

5.    The Plaintiff is a corporation organized and existing under the laws of the United States of America and doing business in Salt Lake City, Utah.

6.    John Williams, Jr. ("Defendant") is the Debtor in this Chapter 13 case.

## FACTUAL ALLEGATIONS

7.    Defendant's Company entered into a conspiratorial relationship with a company called Impact Technology, operated by an acquaintance of Defendant named, Michael Ajide.

8.    On December 12, 2004, the Defendant, as the owner of Williams Express LLC ("Defendant's Company") approached Plaintiff to enter into a factoring arrangement where Plaintiff would purchase the invoices for shipments that were to be undertaken by Defendant's Company.

9.    Plaintiff was to receive the revenue from future payments under the invoices that were to be made to Defendant's Company.

10.    Defendant's Company never actually shipped goods for Impact Technology and Impact Technology never actually had goods to ship.

11.    Defendant's Company, and Impact Technology, acted in collusion to defraud Plaintiff of $121,035.

12.    Generally speaking, the scheme to defraud Plaintiff worked as follows: Defendant's Company and/or Impact Technology created fraudulent documents representing shipments that were to be undertaken by Defendant's Company. Impact Technology created invoices that purported to show that it would pay Defendant's Company for the shipping services. Defendant, through is company would then sent these fraudulent shipping invoices Plaintiff. Plaintiff would call Impact Technology to

2

verify the legitimacy of the invoice before purchasing the paper. Defendant's co-conspirators would answer the phone and verify the legitimacy of the invoice causing Plaintiff to pay Defendant for those false fake shipments. This scheme existed for approximately 2 weeks before the fraudulent nature of this relationship, and the invoices, were discovered.

13. Defendant has confessed to his role in the fraudulent scheme to defraud Plaintiff through an affidavit dated January 19, 2005.

14. Plaintiff filed suit against Defendant on March 5, 2007 and eventually was awarded a Final Judgment ("Judgment") against the Defendant on October 7, 2010 in the amount of $121,035, plus interest[2].

15. The Judgment is recorded against the Defendant's personal residence.

16. This Judgment is the basis of Plaintiff's claim.

## FOR A FIRST CAUSE OF ACTION

**(Determination of Non-dischargeablity Pursuant to Section 523 (a)(2)(A)**

17. Plaintiff restates and incorporates the previous paragraphs as if included herein verbatim.

18. Section 523(a)(2)(A) provides as follows:

>  (a) A discharge under section . . . 1328(b) . . . of this title does not discharge an individual debtor from any Debt –
>
>  (2) for money property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –
>
>  (A) false pretenses, a false representation, or actual fraud, other

---

[2] Interest has actually been accruing since July 11, 2007 as that is the original date of the Default Judgment against Defendant. Such order was amended to correct a clerical error.

3

than a statement respecting the Debtor's or an insider's financial condition.

19. Defendant made specific representations, either verbally or in writing, to the Plaintiff, in order to induce Plaintiff to lend funds based on the factoring arrangement between Defendant's Company and Plaintiff.

20. Those representations were false and Defendant knew those representations to be false.

21. Those representations were made with the intention and purpose of deceiving Plaintiff so Plaintiff would finance, and continue extending credit to Defendant's Company.

22. Plaintiff relied on the representations of the Debtor, and the Debtor's co-conspirators when deciding to extend credit and purchase the invoices.

23. As a direct and proximate result of the Defendant's fraud and misrepresentations, the Plaintiff has sustained damages in the amount of $121,035, plus interest.

24. Plaintiff's claim, which is recorded as a Judgment against the Debtor is a valid Debt which should not be discharged because the Claim arose from the Debtor's fraudulent acts and representations.

25. Based upon the foregoing, Plaintiff is entitled to have this Court find Defendant's debts owed to Plaintiff are non-dischargeable pursuant to Section 523 (a)(2)(A).

5

WHEREFORE, Movant respectfully requests that after such notice and hearing as this Court deems appropriate, the Court enter an order pursuant to Section §523(a)(2)(A) denying the dischargeablity of Plaintiff's claim against the Debtor, and to award any additional relief as the Court may deem proper.

**Markham Law Firm, LLC**

  /s/Sean Markham
Sean Markham, I.D. # 10145
Attorney for Insight Technology, Inc.
P.O. Box 20074
Charleston, SC 29413-0074
Tel: 843-284-3646
Fax: 843-637-7499
sean@markhamlawsc.com